## WISE et v WISE

Ohio Appeals, 9th Dist, Summit Co

No 1985. Decided Jan 26, 1932

Roetzel & Olds, Akron, for plaintiffs in error.

O. D. Everhard and Sheck & Stevens, Akron, for defendant in error.

**INDUSTRIAL COMMISSION v HENRY**

Ohio Supreme Court

No 23017. Decided Feb 24, 1932

PARDEE, PJ.

The evidence shows that John D. Wise, when he was in a hospital in Barberton, called a scrivener to his bedside and had said note prepared, and that he signed the same in the presence of said scrivener and in the absence of said Peter O. Wise. The record further shows that said John D. Wise lived until Nov. 11, 1926.

The heirs and devisees contend that said note was not delivered to said executor during the lifetime of said decedent, and that the same came into the possession of said executor as such after said decedent's death.

The Probate Court and the Common Pleas Court both held adversely to this claim, and found that said note was delivered to said Peter O. Wise by said decedent.

The Common Pleas Court held that said Peter O. Wise is entitled to the same presumption of law that he would be if he were suing said decedent for the recovery of the amount alleged to be due upon said note: that when the note is not in the possession of the maker, a valid and intentional delivery by said maker is presumed until the contrary is proved, and that the burden of proof was upon said heirs and devisees to show that said delivery was not made by said maker.

The heirs and devisees did not present any evidence which tended to show that said note was not delivered by said maker to said Peter O. Wise, and the evidence as a whole tends to show that it was so delivered and that it was in the possession of said Peter O. Wise at the time of the death of said maker; and after reading the record, we are unable to say that the judgment of the trial court is manifestly against the weight of the evidence.

The judgment is therefore affirmed.

WASHBURN and FUNK, JJ, concur.

Marshall, CJ, Jones, Matthias, Day, Kinkade and Stephenson, JJ, concur.